CIKLIN, J.
Toni Bauler, the mother and custodial parent of two minor children, appeals a final administrative support order in which the Department of Revenue determined that Michael Wormley, the father and noncustodial parent of the children, had no child support obligations. Because we find that the Department’s exercise of discretion was in violation of a statutory provision, we reverse the final administrative support order and remand the case to the Department for further administrative proceedings.
On June 30, 2011, the Department accepted the mother’s application for an ad *1100 ministrative support order and commenced an administrative proceeding against the father pursuant to section 409.2563, Florida Statutes. Both parents submitted financial affidavit forms to the Department. See § 409.2563(13), Fla. Stat. (2011). The mother’s form indicated that she had no current income. As required by the Department if one is unemployed, the mother listed her former employer and former rate of pay. The father’s affidavit was completely blank as to his income, assets, and liabilities. Furthermore, the father failed to identify his last job and rate of pay.
The Department obtained information on the father’s unemployment compensation benefits which showed that he had lost his previous job in February 2010 and had collected unemployment benefits from February 2010 through March 2011, when he exhausted his benefits. The Department did not obtain any information regarding unemployment claims made by the mother, but it did obtain other information on her employment history which was consistent with her assertion regarding her former employment.
On November 11, 2011, the Department rendered its final administrative support order. In that order, the Department imputed federal minimum wage to the mother, but found that the father was involuntarily unemployed with no net monthly income. Based on that determination, the father’s child support obligation calculated under the child support guidelines was $0 per month. Therefore, no support was ordered.
Pursuant to section 409.2563(5)(a), Florida Statutes, the Department is required to “calculate [a] parent’s child support obligation under the child support guidelines schedule as provided by s[ection] 61.30, based on any timely financial affidavits received and other information available to the department.” § 409.2563(5)(a). “If there is a lack of sufficient reliable information concerning a parent’s actual earnings for a current or past period, it shall be presumed for the purpose of establishing a support obligation that the parent had an earning capacity equal to the federal minimum wage during the applicable period.” Id.
The Department found that there was “a lack of sufficient, reliable information concerning the [motherj’s actual earnings” and presumed that the mother’s earning capacity was equal to the federal minimum wage. The Department, however, did not equally presume that the father had an earning capacity equal to the federal minimum wage, even though it had less substantial and less reliable information concerning the father’s actual current income than it did concerning the mother’s income. Therefore, we find that the Department’s failure to impute income based on the federal minimum wage to the father was in violation of section 409.2563(5)(a), Florida Statutes.
Accordingly, we reverse the final administrative support order and remand the case to the Department for further administrative proceedings. See § 120.68(7)(e)4., Fla. Stat. (2011) (requiring this court to “remand a case to the agency for further proceedings consistent with the court’s decision or set aside agency action, as appropriate, when it finds that ... [t]he agency’s discretion was ... in violation of a ... statutory provision....”).
On remand, the Department can either impute an earning capacity equal to the federal minimum wage to both parents, or alternatively, the Department can refer the proceedings to the Division of Administrative Hearings to determine if either parent is voluntarily unemployed. See § 409.2563(6) (“If ... the department determines that an evidentiary hearing is *1101 appropriate, the department shall refer the proceeding to the Division of Administrative Hearings”).

Reversed and remanded for further proceedings.

GERBER and LEVINE, JJ., concur.